ERIT REALTY CORPORATION, Appellant, *v.* SEA GATE ASSOCIATION, Respondent.

(Submitted October 1, 1928; decided November 27, 1928.)

*I. Maurice Wormser, Harry L. Kreeger* and *Charles Eno* for motion.

*Meier Steinbrink* and *Harold M. Kennedy* opposed.

*Per Curiam.* The appellant mistakenly assumes that it possessed easements in the private streets of Sea Gate, enjoyable without restrictions other than those imposed by an obstructing fence, maintained for many years upon the easterly boundary line of the Sea Gate tract. Upon this assumption, it reasons that, when a section of the fence, formerly bounding the plaintiff's land, was removed

with the consent of the defendant, the owner of the streets, all restrictions impliedly imposed were released. The appellant has misconceived our opinion (249 N. Y. 52). In our judgment, the existence of the fence, prior to the creation of the easements, coupled with the practice of maintaining guards at the gates, was a circumstance inducing the conclusion that the easements were subordinated to a right, reserved by the owner of the streets, to adopt reasonable measures whereby lawful entrants might be admitted, while those without rights might be excluded. Doubtless the consent to the removal of the section, given by the defendant, debarred the defendant from longer maintaining the entire fence upon its old location. However, the easements claimed by the plaintiff were not thereby enlarged or freed from restriction. The right of the defendant to employ reasonable measures for the identification and admission of persons having rights and the exclusion of all others continued. The defendant, after the removal of the fence section, adopted the only means left open whereby the invasion of the tract by trespassing mobs could be prevented. It relocated its fences to exclude the plaintiff's tract from the private inclosure of Sea Gate. That this resulted in a loss to the plaintiff's tenants of direct access to the Sea Gate streets is a fact for which none but the plaintiff or its predecessor is to blame. Its predecessor needed not to have required the removal of a section of the old fence. He insisted upon so doing. The plaintiff was given the option to permit the re-erection of the fence as formerly maintained. It failed to exercise the option. Thus, either the plaintiff or its predecessor has been the author of the injuries complained of. The measures adopted by the defendant were reasonably necessary to secure itself against a street user by others than those having rights connected with the use of the lands to which the easements had originally been made appurtenant. We thought before, and now think, that the measures used

by the defendant were rightfully employed to the end that their rights might be preserved.

The motion for reargument should be denied, without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Motion denied.